**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Curtis Lee CLARK, Defendant-Appellant.**

**No. 76–1099.**

United States Court of Appeals,
Sixth Circuit.

Argued June 9, 1976.

Decided July 20, 1976.

Barton W. Morris, Detroit, Mich. (Court-appointed CJA), for defendant-appellant.

Ralph B. Guy, U. S. Atty., Christopher A. Andreoff, Detroit, Mich., for plaintiff-appellee.

Before EDWARDS and LIVELY, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant in this case appeals from his conviction for armed robbery of a federally insured bank, in violation of 18 U.S.C. § 2113(a) and (d) (1970). The evidence in this case allowed the jury to find that on June 28, 1974, four men robbed a Detroit bank of $55,000 by breaking into an area behind the tellers' cages.

One significant appellate issue is presented in which appellant contends that he was prejudiced at his jury trial before a United States District Judge in the Eastern District of Michigan by the fact that his defense counsel was not informed by the government until the third day of the trial that there had been a negative report upon a fingerprint which during the trial a government witness identified as being that of appellant. The fingerprint was found in an area of the bank restricted to bank employees, but where testimony indicated two of the robbers had gone.

The government's response to this issue is to point out that although the events out-lined above did occur, the Assistant United States Attorney in charge of the case had only learned about the negative report upon the fingerprint in question the evening before he disclosed it to defendant's counsel. The government also points out that an FBI Agent had informed defendant himself of the negative report in relation to the fingerprint in question.

Finally, the government relies upon the District Judge's offer of a continuance of the case and his subsequent offer of a mistrial, which appellant, after conferring with his attorney, definitely refused.

Thereafter the government flew to Detroit the fingerprint witness who had reached a negative result in relation to the fingerprint lifted at the bank. He appeared and testified both to his first finding which was exculpatory as to appellant, and his second finding, which was that the fingerprint was appellant's.

■ We do not believe that this case approaches the abuse of due process found in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). First, the fact that an FBI Agent had disclosed the negative fingerprint report to the appellant raises some question as to whether there was any suppression at all. Assuming however, that there had been suppression of an important item of evidence from appellant's counsel, such suppression plainly did not continue throughout the trial. Full disclosure was made on the third day of the trial, not only to appellant's counsel, but subsequently before the jury which convicted appellant.

As noted above, the trial proceeded after the District Judge, contrary to the facts in *Brady,* offered appellant's counsel either a continuance or a mistrial, both of which offers were refused after consultation with appellant. Under these circumstances, we find no abuse of due process.

■ We have reviewed the District Judge's charge to the jury in this case and find no reversible error.

The judgment of conviction is affirmed.